UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WARREN EDWARD ENGLISH, III,

    Petitioner,

v.

MARY BERGHUIS,

    Respondent.
_____/

Case No. 1:09-cv-1012

HON. JANET T. NEFF

**OPINION AND ORDER**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254, concerning Petitioner's claim that he was denied a fair and impartial jury at trial. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R, Dkt 24) recommending that this Court deny the petition. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation (Objs., Dkt 25). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Petitioner raises numerous objections to the Report and Recommendation, which can be generally divided into two categories for purposes of analysis: dispositive and non-dispositive.

**Non-Dispositive Objections**

The Court first addresses the following non-dispositive objections made by Petitioner:

- The Magistrate Judge failed to address the question posed by the Sixth Circuit: whether review should be de novo or deferential (Objs., Dkt 25 at PageID.1897); and

- The Magistrate Judge incompletely and inaccurately described the proceedings prior to the voir dire of Juror A and omitted or misrepresented pertinent facts concerning Juror A's testimony at the evidentiary hearing on Petitioner's Motion for a New Trial as well as during the voir dire process (*id.* at PageID.1898, 1901–1902, 1903).

These objections, even if granted, do not affect the outcome of the case.

First, as the Magistrate Judge explained, "it does not matter whether Petitioner's claim is assessed pursuant to the deferential AEDPA standard or a de novo standard because under either standard, Petitioner's claim is without merit" (R&R, Dkt 24 at PageID.1886). The Magistrate Judge considered Petitioner's claims under both standards; thus, Petitioner's objection is inconsequential.

Second, any allegation that the Magistrate Judge's factual statements are "inaccurate" (Objs., Dkt 25 at PageID.1898) is without merit. If anything, the Report and Recommendation's factual assertions are appropriately condensed to highlight relevant portions that affect the disposition of the case. There is no indication that the Magistrate Judge failed to consider the full record. Contrary to Petitioner's argument, this Court's use of a "more-detailed statement of facts" would not affect the consideration of the merits of the claims (*id.* at PageID.1900), as discussed below. Petitioner demonstrates no factual or legal error in the Magistrate Judge's analysis or conclusion with these objections.

**Dispositive Objections**

The Court now addresses the following dispositive objections, which, if granted, would affect the outcome of the case:

- The Magistrate Judge wrongfully concluded that Petitioner did not show Juror A had been untruthful and deliberately withheld information about her prior sexual assault (Objs., Dkt 25 at PageID.1902);

- The Magistrate Judge erred in finding Petitioner showed no inferred bias from Juror A's deliberate withholding of information (*id.* at PageID.1904–1905, 1907); and

- The Magistrate Judge erred in finding Petitioner showed no actual bias based on the "totality of the facts" and the "striking similarity between Juror A's experience and the allegations relating to the [victim]" (*id.* at PageID.1906, 1908–1909).

Petitioner's objections are without merit.

Essential to Petitioner's claim is that Petitioner must show that Juror A "failed to answer honestly a material question on *voir dire*, and then further show that the correct response would have provided a basis for challenge for cause" (R&R, Dkt 24 at PageID.1886). "Demonstrated bias in the responses to questions on *voir dire* may result in a juror being excused for cause . . . ." *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 554 (1984) (*see* R&R, Dkt 24 at PageID.1877). Deliberate concealment of material information may be used to infer bias; however, if information is not concealed deliberately, the movant must show actual bias. *English v. Berghuis*, 529 F. App'x 734, 740 (6th Cir. 2013) (*see* R&R, Dkt 24 at PageID.1877–1878). Petitioner's objections fail to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion regarding Petitioner's failure to show inferred or actual bias.

First, Petitioner shows no error in the Magistrate Judge's conclusion that Petitioner failed to show that Juror A was untruthful or deliberately withheld the information in question, where the trial judge expressly found that she "'honestly thought that she had told the Court that she had been a prior victim of a criminal sexual conduct'" (R&R, Dkt 24 at PageID.1887). Petitioner's objection that additional facts in the record, as referenced above, "make it clear that Juror A had a duty to disclose the sexual assault and that she knew that she had that duty" (Objs., Dkt 25 at PageID.1903), and thus deliberately concealed the information, is without merit. The pertinent fact, highlighted by the Magistrate Judge, is not that Juror A had a duty to disclose, or that she knew that she had that duty, but that she honestly believed she had performed that duty, i.e., she believed she had disclosed during voir dire that she had previously been the victim of sexual assault (R&R, Dkt 24 at PageID.1887).

Instead of advancing specific objections to the Report and Recommendation, as required by W.D. MICH. LCIVR 72.3(b), Petitioner essentially reargues his claim, merely emphasizing his disagreement with the Magistrate Judge's analysis and conclusion (Objs., Dkt 25 at PageID.1903–1905). Petitioner's disagreement with the Magistrate Judge's recommendation does not warrant its rejection, as Petitioner's argument still suffers from the same deficiencies noted by the Magistrate Judge (R&R, Dkt 24 at PageID.1887). As the Magistrate Judge determined, because of the statement made by Juror A and because "there is no evidence to support the contention that [Juror A] deliberately withheld the information in question" (*id.*), Petitioner's inferred-bias argument, and subsequent objection, are without merit.

Second, Petitioner shows no error in the Magistrate Judge's conclusion that Petitioner failed to show actual bias (*id.* at PageID.1888). Again, Petitioner essentially merely disagrees with the

Magistrate Judge's assessment and reargues his claim (Objs., Dkt 25 at PageID.1908–09). Petitioner's assertion that the "totality of the facts" (*id.* at PageID.1909) supports a different result is unavailing. The Magistrate Judge fully and properly considered the record and the arguments presented. Petitioner failed to show actual bias, and the Magistrate Judge did not err in so concluding (*see* R&R, Dkt 24 at PageID.1888).

## Conclusion

In sum, Petitioner shows no error in the Magistrate Judge's analysis regarding Petitioner's claim that he was denied a fair and impartial jury.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong for the reasons stated herein. The Court is not persuaded by Petitioner's argument that the combination of "difficult issues," disagreement on certain issues by jurists who have considered this case, and the unusual procedural

history, warrant proceeding further (*see* Objs, Dkt 25 at PageID.1914). A certificate of appealability will therefore be denied.

Accordingly:

**THEREFORE, IT IS ORDERED** that the Objections (Dkt 25) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 24) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.


Dated: November 23, 2016                  /s/ Janet T. Neff
                                          JANET T. NEFF
                                          United States District Judge